UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL B. WILLIAMS, JR.,**  Plaintiff,  vs.  **PATRICIA PENMAN,** *et al.***,**  Defendants. | 2:23-CV-11230-TGB-CI  **ORDER SUMMARILY DISMISSING COMPLAINT** |

Michael Williams, a prisoner without a lawyer who is confined at the State Correctional Institution in Frackville, Pennsylvania, has filed a complaint, asserting that his constitutional rights were violated in several ways during criminal investigations and prosecutions in Wayne County Circuit Court. *See* 42 U.S.C. § 1983. For the reasons explained below, the complaint will be **DISMISSED**.

## I. LEGAL STANDARDS

Williams has been allowed to proceed without prepaying filing fees. *See* 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). But the Court must nonetheless screen his complaint and dismiss it if the Court determines that the complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But they must still comply

1

with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Rule 8(a) does not require "detailed" allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege that: (1) the defendants he has named acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

## II. FACTUAL ALLEGATIONS

In a 76-page complaint, Williams challenges criminal prosecutions against him in the Wayne County Circuit Court. ECF No. 1. As defendants, he names a criminal sexual assault victim, law enforcement officers, emergency dispatchers, crime lab employees, state prosecutors, and criminal defense attorneys. *Id.* at PageID.2-6. Williams maintains that he is innocent of all charges and was subjected to unlawful arrest, discriminatory harassment, kidnapping, false imprisonment, and vindictive prosecution as part of a conspiracy to violate his constitutional rights. *See, e.g., id.* at PageID.15, 24-31. As relief, he requests "release from state custody" and "$20 million" in damages. *Id.* at PageID.15.

The conduct Williams complains of spans from 2006 to 2020, and his allegations are repetitive and sometimes difficult to follow. Among other unlawful acts, Williams says that: law enforcement officers supplied state prosecutors and judges with investigatory materials containing falsehoods and material omissions; state prosecutors generally failed to uphold the law and deprived him of his due process rights; and his defense attorneys provided him with ineffective assistance of counsel. *Id.* at PageID.24-37. Williams insists that he was never granted a full opportunity to litigate the existence of probable cause for his detention, that his trials were unfair, that the juries which convicted him were biased, and that he is innocent of the charges. *Id.* at PageID.35.

In a "Memorandum of Law" submitted with his complaint, Williams acknowledges that he has previously filed a complaint about the same occurrences. *Id.* at PageID.52; *Williams v. Penman*, No. 19-12505 (E.D. Mich. Aug. 26, 2019). He also appears to acknowledge that the Court dismissed that complaint at screening, *Williams v. Penman*, No. 19-12505, 2020 WL 978353 (E.D. Mich. Feb. 28, 2020), entered judgment against him, and denied a post-judgment motion he filed seeking leave to amend the complaint, *Williams v. Penman*, No. 19-12505, 2022 WL 3130215 (E.D. Mich. Aug. 4, 2022). ECF No. 1, PageID.55. Suggesting that Frackville prison officials ignored a "fundamental obligation to assist [him] in the preparation and filing of meaningful legal papers and [to ensure him] reasonable access to the courts" during the pendency of

3

his prior case, Williams invokes Federal Rule of Civil Procedure 60 (which governs relief from judgments) and says he is again asking for leave to "refile/amend" his complaint. *Id.* at PageID.52-58.

### III. DISCUSSION

At the outset, Williams's complaint is barred by the doctrine of res judicata. Among other things, the doctrine of res judicata prevents parties from litigating matters that were, or should have been, advanced in a prior suit based on the same conduct or occurrences. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (explaining the concept of issue preclusion). As Williams admits, the current complaint focuses on the same arrests and prosecutions that were the subject of his prior complaint. And his prior claims concerning his criminal prosecutions were dismissed with prejudice for failure to state a claim.

To the extent Williams is continuing to seek leave to file an amended complaint his prior case, he cannot proceed by simply commencing a new action. And as the Court explained to him in his prior case, "the filing of an amendment is not allowed unless the judgment has been set aside or vacated." *Williams*, 2022 WL 3130215, at *1. The Court cannot permit amendments to a complaint in a case that is closed, and Williams has not offered a persuasive reason to set aside the judgment in his prior case. Williams is hereby warned that filing multiple complaints over the same occurrences can be considered vexatious

4

litigation and may lead to, among other things, sanctions and filing bars. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

Even if res judicata did not apply to his current complaint, the claims Williams attempts to raise suffer from additional defects.

*First*, as the Court previously explained, the victims and private attorneys Williams has named as defendants are not proper defendants in suits under 42 U.S.C. § 1983. *Williams*, 2020 WL 978353, at *4. Suits under § 1983 may be brought only against persons acting under color of state law. Victims and private attorneys do not act on behalf of the state.

*Second,* the state prosecutors Williams has named as defendants are entitled to absolute immunity with regard to any action they have taken in the scope of their roles as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). And Williams has not alleged any conduct outside of actions they have taken as part of their duties as prosecutors.

*Finally*, Williams's claims are barred by the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff cannot bring a federal claim if its success would invalidate a prior state conviction or sentence. The Supreme Court has instructed:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

5

*Id.* at 487. Williams's complaint, which challenges everything ranging from probable cause for his detention to the conduct of and his representation at his trials, necessarily impugns the validity of his Michigan convictions. He cannot proceed with it unless his convictions are reversed on direct appeal, invalidated by executive order or a state tribunal, or called into question by a federal writ of habeas corpus. And nothing in his complaint suggests that his convictions have so been invalidated or called into question.

## IV. CONCLUSION

For the reasons explained above, Williams's complaint is **DISMISSED**. The Court certifies that any appeal from this order would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006).

**IT IS SO ORDERED**, this 27th day of July, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge